UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEREKET TARIKU,<br><br>Plaintiff,<br>v.<br><br>OUTPUT SERVICES GROUP, INC.,<br><br>Defendant. | Case No. 25-CV-4006-HG<br><br>**JOINT PRETRIAL ORDER** |

The Parties, having conferred among themselves pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Joint Pretrial Order herein.

**1. Caption**:

Bereket Tariku v. Output Services Group, Inc., 1:25-cv-04006-HG

**2. Parties and Counsel**:

A. Plaintiff's Counsel:

Steven M. Warshawsky, Esq.
The Warshawsky Law Firm
118 North Bedford Road, Suite 100
Mount Kisco, New York 10549
Telephone: (914) 864-3353
Email: smw@warshawskylawfirm.com

Tomasz J. Piotrowski, Esq.
T.J. Piotrowski Law Firm
176 Kent Street, Suite 2L
Brooklyn, NY 11222
Telephone: (917) 612-0788
Email: tomjerzy@msn.com

B. Defendant's Counsel:

Simone R. D. Francis
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone: (212) 492-2500
Email: simone.francis@ogletreedeakins.com

Marc-Joseph Gansah
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone: (212) 492-2500
Email: marcjoseph.gansah@ogletreedeakins.com

**3. Jurisdiction**:

A. Plaintiff's Statement: This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3) (Title VII), insofar as Plaintiff asserts claims under Title VII, and 28 U.S.C. § 1332 (diversity), insofar as Plaintiff (NY) and Defendant (NJ, IL) are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

B. Defendant's Statement: Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's claims.

**4. Claims and Defenses**:

A. Plaintiff's Claims: Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for sexual harassment (Count One) and retaliation/wrongful termination (Count Two), and concurrent claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., for sexual harassment (Count Three) and retaliation/wrongful termination (Count Four), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., for sexual harassment (Count Five) and retaliation/wrongful termination (Count Six).

B. Defendant's Defenses: Defendant denies that its former Chief Accounting Officer Leo Rich sexually harassed Plaintiff or that it retaliated against/wrongfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"). As to Plaintiff's sexual harassment claim, there is no evidence in the record that shows that Mr. Rich subjected Plaintiff to unwelcome sexual conduct, or that her alleged reaction to the conduct was the basis for the termination of her employment; it was not; her repeated unprofessional conduct toward her colleagues was. Similarly, there

is no evidence that Defendant subjected Plaintiff to a hostile work environment, as she did not experience a workplace permeated with discriminatory intimidation, ridicule, and insults that were objectively severe or pervasive enough to alter the conditions of her employment or that she endured harassment based on her sex or gender. In addition, Defendant did not treat Plaintiff less well than others because of her sex or gender. Lastly, regarding Plaintiff's retaliation claims, credible evidence and testimony will show that Plaintiff never complained of sexual harassment to anyone during her employment and that Defendant had a legitimate, non-retaliatory reason to terminate her employment: her repeated unprofessional conduct toward her colleagues.

**5. Jury or Bench Trial; Trial Length**:

A. Plaintiff's Statement: This case is to be tried to a jury.

B. Defendant's Statement: Defendant does not contest Plaintiff's right to a jury trial as to those issues that are properly before a jury. Defendant reserves its right to demand that certain matters, such as the calculation of alleged back pay and/or front pay, be determined by the judge and not the jury.

C. Trial Length. The parties both estimate 5-6 total trial days.

**6. Consent to Trial by a Magistrate Judge**:

All parties have not consented to trial of the case by a Magistrate Judge.

**7. Statement of Relief Sought:**

A. Plaintiff's Statement: A prevailing plaintiff under Title VII and the city and state human rights laws in an action against a private employer may be entitled to damages for past and future lost income, compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and attorney's fees and costs.

In this action, Plaintiff is seeking back pay damages for lost salary and bonus (calculated through the end of 2026) in the gross amount of $668,614; front pay damages for lost salary and bonus (calculated through the end of 2029 with an assumed 10% increase) in the gross amount of $871,200; compensatory damages in the maximum amount allowable under the law and to be awarded in the sound discretion of the jury; punitive damages in the maximum amount allowable under the law and to be awarded in the sound discretion of the jury; pre- and post-judgment interest as provided by law; and statutory attorney's fees and costs in an amount to be determined by the Court.

In addition, under the state human rights law § 297(9), the Court may assess civil fines and penalties, to be paid to the state, in an amount not to exceed $50,000 by a respondent found to have committed an unlawful discriminatory act, or not to exceed $100,000 by a respondent found to have committed an unlawful discriminatory act which is found to be

willful, wanton or malicious. Plaintiff asks that the Court assess civil fines and penalties against Defendant in the maximum amount allowable under the law.

B. Defendant's Statement: Defendant does not believe that Plaintiff is entitled to any damages of any kind. Defendant is entitled to recover its attorney's fees and costs incurred in defending this action in an amount to be determined upon the conclusion of this action.

**8. Witnesses:**

A. Plaintiff's Witnesses

| WITNESS | ADDRESS | EXPECTED TESTIMONY | OBJECTIONS | RESPONSE TO OBJECTIONS |
|---|---|---|---|---|
| Bereket "Lily" Tariku (Plaintiff) | Brooklyn, NY | Ms. Tariku is expected to testify regarding her employment with OSG, the sexual harassment she endured from her supervisor, her complaint about the sexual harassment to human resources, her termination, her efforts to obtain new employment, her financial and non-financial damages, and all other relevant subjects. | | |
| Elizabeth Abebe (Plaintiff's mother) | Addis Ababa, Ethiopia | Mrs. Abebe is expected to testify regarding contemporaneous statements made to her by Ms. Tariku about the sexual harassment from her supervisor, offered to rebut | Object to the extent Mrs. Abebe lacks personal knowledge regarding the alleged sexual harassment Ms. Tariku experienced from her | Testimony is admissible per cited FRE rules. |

| | | | | |
|---|---|---|---|---|
| | | an accusation of recent fabrication (per FRE 801(d)(1)(B)(i)), as well as statements made by Ms. Tariku reflecting her then-existing mental or emotional condition (per FRE 803(3)). | supervisor at OSG or Ms. Tariku's mental or emotional condition. | |
| Keiko Hiraro (Plaintiff's prayer team colleague) | Brooklyn, NY | Ms. Hiraro is expected to testify regarding contemporaneous statements made to her by Ms. Tariku about the sexual harassment from her supervisor, offered to rebut an accusation of recent fabrication (per FRE 801(d)(1)(B)(i)), as well as statements made by Ms. Tariku reflecting her then-existing mental or emotional condition (per FRE 803(3)). | Object to the extent Ms. Hiraro lacks personal knowledge regarding the alleged sexual harassment Ms. Tariku experienced from her supervisor at OSG or Ms. Tariku's mental or emotional condition. | Testimony is admissible per cited FRE rules. |
| Pastor Dawit Asfaw (Plaintiff's spiritual advisor) | Addis Ababa, Ethiopia | Pastor Dawit is expected to testify regarding contemporaneous statements made to him by Ms. Tariku about the sexual harassment from her | Object to the extent Pastor Dawit lacks personal knowledge regarding the alleged sexual harassment Ms. Tariku | Testimony is admissible per cited FRE rules. |

| | | | | |
|---|---|---|---|---|
| | | supervisor, offered to rebut an accusation of recent fabrication (per FRE 801(d)(1)(B)(i)), as well as statements made by Ms. Tariku reflecting her then-existing mental or emotional condition (per FRE 803(3)). | experienced from her supervisor at OSG or Ms. Tariku's mental or emotional condition. | |
| Regis Canning (job recruiter) | New York, NY | Mr. Canning is expected to testify regarding Ms. Tariku's efforts to obtain new employment. | | |
| Morgan Buck (Plaintiff's therapist) | New York, NY | Ms. Buck is expected to testify regarding her role since July 2025 as Ms. Tariku's treating therapist, including her diagnostic impressions and recommendations (per FRE 702), as well as statements made by Ms. Tariku about the sexual harassment from her supervisor and her then-existing mental or emotional condition (per FRE 803(3) and 803(4)). | Object to the extent Ms. Buck lacks personal knowledge regarding any sexual harassment Ms. Tariku allegedly experienced from her supervisor at OSG because she did not become Ms. Tariku's therapist until 14 months after Ms. Tariku's termination from OSG. Further objects to the extent, as a social worker, Ms. Buck is not qualified to | Testimony is admissible per cited FRE rules. |

| | | | | |
|---|---|---|---|---|
| | | | diagnose mental conditions. | |
| Dr. Tolulope Kolawole (Plaintiff's psychiatrist) | New York, NY | Dr. Kolawole is expected to testify regarding her role since November 2025 as Ms. Tariku's treating psychiatrist, including her diagnostic impressions, diagnoses, recommendations, and prescriptions (per FRE 702) as well as statements made by Ms. Tariku about the sexual harassment from her supervisor and her then-existing mental or emotional condition (per FRE 803(3) and 803(4)). | Object to the extent Dr. Kolawole lacks personal knowledge regarding any sexual harassment Ms. Tariku allegedly experienced from her supervisor at OSG because she did not become Ms. Tariku's psychiatrist until 14 months after Ms. Tariku's termination from OSG. | Testimony is admissible per cited FRE rules. |

B. <u>Defendant's Witnesses</u>

| WITNESS | ADDRESS | EXPECTED TESTIMONY | OBJECTIONS | RESPONSE TO OBJECTIONS |
|---|---|---|---|---|
| Leo Fitzgerald Rich | Aurora, IL | Mr. Rich, who served as Defendant's Chief Accounting Officer and was Plaintiff's direct supervisor, will testify about Plaintiff's employment with Defendant, | | |

| | | | | |
|---|---|---|---|---|
| | | Plaintiff's hiring, her job performance, her management style, the termination of her employment and his communications and interactions with Plaintiff. | | |
| Brett Shroll | Tampa, FL | Mr. Shroll is Defendant's Chief Financial Officer and oversees the division in which Plaintiff worked. He was Mr. Rich's direct supervisor and Plaintiff's ultimate supervisor during the relevant period. In this capacity, he will testify about the function and operation of the division in which Plaintiff worked, Plaintiff's employment with Defendant, his interactions and communications with Plaintiff, the circumstances surrounding Plaintiff's hiring, her job performance, her management style and the termination of her employment with Defendant. | | |

| | | | | |
|---|---|---|---|---|
| Kathryn Marocchi | Carol Stream, IL | Ms. Marocchi is Defendant's Chief Human Resources Officer. She will testify about Defendant's policies and practices in effect during Plaintiff's employment, including but not limited to policies prohibiting discrimination, retaliation, and harassment, as well as Plaintiff's management style, the interpersonal issues Plaintiff encountered with her colleagues, the termination of Plaintiff's employment with Defendant, her communications and interactions with Plaintiff. | | |
| Michelle Shinholster | Carlstadt, NJ | Ms. Shinholster is Defendant's Human Resources Business Partner. Ms. Shinholster supported the Carlstadt, New Jersey plant, where Plaintiff worked. Ms. Shinholster will testify about her communications and interactions with Plaintiff, Defendant's policies and | | |

| | | | | |
|---|---|---|---|---|
| | | practices in effect during Plaintiff's employment, including but not limited to policies prohibiting discrimination, retaliation, and harassment, as well as Plaintiff's management style and the interpersonal issues Plaintiff encountered with her colleagues. | | |
| Danielle McCain | Carlstadt, NJ | Ms. McCain is Defendant's Director of Accounting and reported to Plaintiff during the relevant time. Ms. McCain will testify about her communications and interactions with Plaintiff, Plaintiff's performance and Plaintiff's management style. | | |
| Mohamed Thalji | Carlstadt, NJ | Mr. Thalji is Defendant's Sr. Technical Support Specialist. He will testify about his communications and interactions with Plaintiff. | | |
| Xavier Cartagena | Carlstadt, NJ | Mr. Cartagena is Defendant's System Administrator. He will testify about his | | |

| | | | | |
|---|---|---|---|---|
| | | communications and interactions with Plaintiff. | | |

**9. Deposition Testimony**

A. Plaintiff's Deposition Designation

| DEPOSITION TRANSCRIPT CITES | DEFENDANT'S OBJECTIONS | DEFENDANT'S COUNTER DESIGNATIONS |
|---|---|---|
| **Xavier Cartagena** | | |
| 6:2-6:6 | | |
| 19:8-20:18 | | |
| 23:12-24:5 | | |
| 25:6-25:10 | | 25:11-19 |
| 28:2-31:10 | | |
| 32:2-32:15 | | |
| **Kathryn Marocchi** | | |
| 5:25-6:5 | | |
| 19:10-20:16 | | |
| 21:5-23:9 | | |
| 30:12-30:16 | | |
| 101:16-103:24 | Immaterial/irrelevant/argumentative | |
| 107:20-112:2 | Immaterial/irrelevant/argumentative | 172:22-173:12 |
| 116:20-116:25 | | |
| 117:15-118:23 | Immaterial/irrelevant/argumentative | 118:2-9 |
| 127:17-131:8 | | |
| 161:21-162:21 | Mischaracterizes testimony | 165:6-167:19 |
| 166:4-166:9 | Immaterial/irrelevant/argumentative | |
| 170:22-171:3 | | |
| 171:11-173:12 | | |
| 178:6-180:13 | | |
| **Danielle McCain** | | |
| 5:24-6:4 | | |
| 17:15-18:15 | | |
| 19:6-22:2 | | |
| 22:20-23:6 | | 23:7-18 |
| 34:8-34:14 | | |
| 38:8-39:20 | | |
| 40:19-40:25 | | |
| 44:8-45:21 | | |
| 47:11-47:16 | Mischaracterizes testimony | 45:6-14 |
| **Leo Rich** | | |
| 5:24-6:4 | | 21:23-25 |

| | | |
|---|---|---|
| 21:12-21:22 | | |
| 22:13-24:9 | | |
| 31:24-34:4 | 31:23-33:9 are immaterial/irrelevant | |
| 39:24-40:13 | | |
| 53:7-56:12 | 56:10-12 are immaterial/irrelevant | |
| 70:16-72:22 | | |
| 85:17-87:22 | Immaterial/irrelevant/argumentative | |
| 94:15-97:6 | Immaterial/irrelevant/argumentative | |
| 99:16-100:5 | | |
| **Brett Schroll** | | |
| 5:22-6:2 | | |
| 18:3-18:10 | | |
| 20:3-21:18 | | |
| 23:22-24:12 | | |
| 26:6-33:5 | | |
| 39:10-40:13 | Immaterial/irrelevant. | |
| 41:9-42:3 | Immaterial/irrelevant. | |
| 45:18-47:4 | Immaterial/irrelevant. | |
| 50:17-51:15 | Immaterial/irrelevant. | |
| **Mohammad Thalji** | | |
| 6:3-6:7 | | |
| 20:11-20:19 | | |
| 21:14-22:7 | | |
| 24:11-25:23 | | |
| 27:22-31:7 | | |
| 32:13-34:7 | | |
| 37:17-37:25 | | |
| 39:14-40:13 | | |
| 47:7-47:12 | Irrelevant | |

B. Defendant's Deposition Designations

Defendant does not intend to rely on deposition testimony for its case-in-chief at this juncture. In the event that any witness is not available at the time of the trial, Defendant may substitute the witness's deposition testimony in place of live testimony. Defendant reserves the right to use deposition testimony for impeachment or rebuttal.

**10. Stipulations**

1. At all times relevant to this action, Defendant was engaged in an industry affecting commerce and had fifteen or more employees.

2. Plaintiff filed a timely charge of discrimination against Defendant with the New York District Office of the U.S. Equal Employment Opportunity Commission and received a

Dismissal and Notice of Rights prior to filing this action, which was filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

3. Plaintiff's first day of employment for Defendant was on March 18, 2024.

4. Plaintiff's last day of employment for Defendant was on May 10, 2024.

5. Plaintiff's title during her employment with Defendant was Plant Controller for the facility in Carlstadt, New Jersey.

6. During her employment with Defendant, Plaintiff's direct supervisor was Leo Rich, Defendant's Chief Accounting Officer, who worked at Defendant's headquarters in Carol Stream, Illinois.

**11. Exhibits**

| EXHIBIT NUMBER | BATES NUMBER | DESCRIPTION | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|
| **J1** | OSG000206 | Teams invite to meeting to discuss RIF termination of Odetta Lee | | |
| **J2** | OSG000455-472 | Defendant's Code of Conduct Policy | | |
| **J3** | OSG000224-225 | March 28, 2024 Email between Plaintiff and Danielle McCain | | |
| **J4** | OSG000556-557 | May 7, 2024 Teams exchange between Plaintiff and Xavier Cartagena | | |
| **J5** | OSG000569; OSG000565, OSG000567 | May 6, 2024 Teams exchange between Plaintiff and Mohammed Thalji | | |
| **J6** | OSG000413-414 | May 6, 2024 email exchange between Leo Rich and Kathryn Marocchi | | |
| **J7** | Tariku_0299-301 | February 28, 2024 Defendant offer letter to Plaintiff | | |

| | | | | |
|---|---|---|---|---|
| **J8** | OSG000608 | May 7, 2024 email from Plaintiff to Kathryn Marocchi | | |
| **P1** | OSG000179 | February 7, 2024 email exchange between Odetta Lee and Danielle McCain | Irrelevant | Relevant to Odetta Lee layoff issue. |
| **P2** | OSG000241-242 | March 5, 2024 exchange between Karen Kahle and Brett Shroll regarding professional fees for the recruitment of Plaintiff | Irrelevant | Shows how much money OSG invested in hiring Ms. Tariku. |
| **P3** | OSG000245 | Gray Parker invoice Plaintiff placement | Irrelevant | Shows how much money OSG invested in hiring Ms. Tariku. |
| **P4** | OSG000418 | May 7, 2024 Teams meeting invite from Kathryn Marocchi and Plaintiff | | |
| **P5** | OSG000431 | May 9, 2024 email from Kathryn Marocchi and Rhonda Lopez. *Parties agree to redact reference to offer of severance (per FRE 408) | | |
| **P6** | OSG000425 | May 7, 2024 email exchange between Brett Shroll, Plaintiff and Liza Barker | | |

| | | | | |
|---|---|---|---|---|
| **P7** | OSG000277 | April 5, 2024 canceled meeting invite from Plaintiff to Leo Rich | Irrelevant; immaterial | Shows when daily meetings between Ms. Tariku and Mr. Rich stopped. |
| **P8** | Tariku 0631-35 | Plaintiff's phone notes | Irrelevant; immaterial; prejudice outweighs probative value. | Shows Ms. Tariku's then-existing mental and emotional condition (FRE 803(3)) |
| **P9** | OSG000124 | Weekly Teams meeting invite between Plaintiff and Leo Rich | | |
| **P10** | OSG000676 | April 4, 2024 text messages from Plaintiff to Danielle McCain | Irrelevant; immaterial | Relevant to Ms. Tariku's management style |
| **P11** | Tariku_0033-34 | Text messages between Plaintiff and Julian James (Christian Counselor) | Irrelevant; immaterial; prejudice outweighs probative value; hearsay | Shows Ms. Tariku's then-existing mental and emotional condition (FRE 803(3)) |
| **P12** | OSG000614-664 | Plaintiff's medical records, Dr. Tolulope Kolawole | Hearsay; the contents of the medical records cannot be offered to prove that Plaintiff suffers from any emotional distress or mental health condition as a result of her employment with Defendant. Plaintiff did not begin consulting Dr. Kolawole until | Medical records are admissible business records (FRE 803(6)) and statements made for purposes of medical diagnosis and treatment are not hearsay (FRE 803(4)); also shows Ms. Tariku's then-existing mental and emotional condition (FRE 803(3)) |

| | | | | |
|---|---|---|---|---|
| | | | November 6, 2025. | |
| **P13** | OSG000665-675 | Meeting records between Morgan Buck, LMSW and Plaintiff | Prejudice outweighs probative value (FRE 403); hearsay; the contents of the medical records cannot be offered to prove that Plaintiff suffers from any emotional distress or mental health condition as a result of her employment with Defendant. Plaintiff did not begin consulting Ms. Buck until July 8, 2025. In addition, Ms. Buck is a social worker, not a physician, and is not qualified to provide a medical diagnosis regarding Plaintiff, and statements to Ms. Buck therefore were not made for any medical diagnosis or medical treatment; | Medical records are admissible business records (FRE 803(6)) and statements made for purposes of medical diagnosis and treatment are not hearsay (FRE 803(4)); also shows Ms. Tariku's then-existing mental and emotional condition (FRE 803(3)) |

| | | | | |
|---|---|---|---|---|
| | | | Intake form (671-675) contains hearsay, including about mental and emotional conditions more than a year prior to the date on the form. | |
| **P14** | OSG000009-10 | January 26, 2024 email exchange between Plaintiff, Robyn Wiedenhoeft and Brett Shroll | Irrelevant; immaterial | Shows problems with OSG's Teams platform happened often |
| **P15** | OSG000415 | Record of May 6, 2024 Meeting between Leo Rich and Plaintiff | Prejudice outweighs probative value | Shows date and duration of important Teams meeting between Ms. Tariku and Mr. Rich |
| **P16** | OSG000328-330 | Meeting records between Plaintiff and Mohammed Thalji | | |
| **P17** | Tariku_0348-49 | Plaintiff termination letter (w/o attached severance agreement). *Parties agree to redact reference to offer of severance on Tariku_348 (per FRE 408) | | |
| **P18** | | Plaintiff's objections and responses to Defendant's interrogatories | Cumulative (FRE 403); Plaintiff will offer live testimony as to | Interrogatory responses may be admissible as recorded recollection (FRE 803(5)) |

| | | | | |
|---|---|---|---|---|
| | | | any material facts. | |
| **P19** | | Defendant's responses and objections to Plaintiff's first set of interrogatories | Cumulative (FRE 403); Defendant's witnesses will offer live testimony as to any material facts; interrogatory responses are cumulative, and inclusion of objections inserted to preserve these issues is likely to confuse the jury. | Interrogatory responses may be admissible as admissions. |
| **P20** | OSG000568-69 | May 8, 2024 Teams Message between Plaintiff and Kathryn Marocchi | | |
| **P21** | Summary Exhibit per FRE 1006 | Spreadsheet of Teams meetings between Plaintiff and Leo Rich | Defendant objects to the inclusion of this exhibit and reserves all rights to the extent Plaintiff did not share this exhibit or the Bates numbers for Defendant's review before the Parties filed this pretrial Order with the Court. | |
| **P22** | Summary Exhibit per FRE 1006 | Spreadsheet of Plaintiff's Job Search emails | Defendant objects to the inclusion of this exhibit and | |

| | | | | |
|---|---|---|---|---|
| | | | reserves all rights to the extent Plaintiff did not share this exhibit or the Bates numbers for Defendant's review before the Parties filed this pretrial Order with the Court. | |
| **D1** | OSG000002-3 | Plaintiff's Resume | | |
| **D2** | OSG000489-90 | Plaintiff's Badge swipes record at Defendant's Carlstadt Plant | | |
| **D3** | OSG000545 | Plaintiff and Mohammed Thalji's April 11, 2025 Teams conversation | | |

Plaintiff reserves the right to use additional exhibits for impeachment and/or rebuttal purposes.

Defendant reserves the right to use additional rebuttal and/or impeachment exhibits, and to introduce any of Plaintiff's exhibits not offered by Plaintiff.

**Motions in Limine**:

Plaintiff:

Plaintiff anticipates filing the following motions in limine: (1) to permit the jury to draw an adverse inference against Defendant based on the unexplained "disappearance" of Ms. Marocchi's handwritten notes of her May 7 meeting with Ms. Tariku (when Ms. Tariku complained of the sexual harassment) and her follow-up interviews with Ms. McCain, Mr. Cartagena, and Mr. Thalji; and (2) to preclude Defendant from making any arguments that Ms. Tariku suffers from any psychological disorders that might cause her to confabulate the sexual harassment by Mr. Rich, on the grounds that Defendant has no expert testimony required to support such an argument.

Defendant:

Defendant has not yet determined whether it intends to file a motion in limine and reserves the right to do so before the deadline set by the case management plan.

THE WARSHAWSKY LAW FIRM

By: */s/Steven M. Warshawsky*
Steven M. Warshawsky, Esq.
118 North Bedford Road, Suite 100
Mount Kisco, New York 10549
(914) 864-3353
smw@warshawskylawfirm.com

*Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Simone R. D. Francis*
Simone R. D. Francis
Marc-Joseph Gansah
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 492-2500
simone.francis@ogletreedeakins.com
marcjoseph.gansah@ogletree.com

*Attorneys for Defendant*

T.J. PIOTROWSKI LAW FIRM

By: */s/ Tomasz J. Piotrowski*
Tomasz J. Piotrowski, Esq.
176 Kent Street, Suite 2L
Brooklyn, NY 11222
(917) 612-0788
tomjerzy@msn.com

*Attorneys for Plaintiff*